UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

VINCENT CITRULLO,

    Plaintiffs,

                          CASE NO.:

Vs

NATIONAL BEVERAGE CORP.,
A Delaware Corporation,
BROAD RIVER AVIATION INC.,
A North Carolina Corporation and
NICHOLAS A. CAPORELLA,
    Defendants.
_____/

**VERIFIED COMPLAINT**

Plaintiffs, VINCENT CITRULLO, brings this action against Defendants, NATIONAL BEVERAGE CORP., a Delaware Corporation, BROAD RIVER AVIATION, INC., a North Carolina Corporation, and NICHOLAS A. CAPORELLA,, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201 *et seq.*, and for damages in excess of $75,000, and allege as follows:

1. Jurisdiction is conferred on the Court by 28 U.S.C.§1331 and 29 U.S.C.§216(b).

2. At all times material hereto, Plaintiff, VINCENT CITRULLO ("VINCENT") was a resident of Broward County, Florida and an employee of Defendants as defined by the FLSA.

3. The Defendant, NATIONAL BEVERAGE CORP. ("NBC"), is a Delaware corporation with its principal executive offices at 8100 SW Tenth Street, Suite 4000, Fort Lauderdale, Broward County, Florida. NBC employs in excess of 1,200 employees.

4. The Defendant, BROAD RIVER AVIATION, INC.("Broad River Aviation"), is a North Carolina corporation with its principal executive offices at 8100 SW Tenth Street,

Suite 4000, Fort Lauderdale, Broward County, Florida, which is ultimately owned and controlled by Defendant, NICHOLAS A. CAPORELLA, ("NICK"), who resides in Broward County, Florida and is Chairman of the Board and Chief Executive Officer of NBC, a publicly traded corporation, and President of Broad River Aviation.

5. Broad River Aviation, a joint employer of Plaintiff, is a division of NBC, used as a vehicle for permitting certain international excursions for Nick, as well as NBC business related travel, a means of incurring certain travel related charges and expenses to NBC, and otherwise unreported benefits to Nick, which also demonstrate an intentional attempt to avoid paying Plaintiff overtime or withholding for income tax, social security or medicare, or providing the other benefits other NBC employees received, and which Plaintiff was repeatedly promised, by Nick, Stephen Baldridge and others.

6. At all times material hereto, Plaintiff, VINCENT CITRULLO, engaged in interstate commerce on a regular and recurring basis, within the meaning of the FLSA through interstate and international flight of Broad River Aviation's privately owned aircraft used by and for NBC, as untrained second in command.. Plaintiff holds certain aviation licenses, none of which required academic degrees, and for which Plaintiff was not required to spend significant amount of time in the classroom in order to earn the certifications or perform his NBC job duties. Plaintiff's knowledge and skills were acquired through experience and supervised training as opposed to intellectual academic instruction, and he does not hold advanced academic degrees, and is not subject to nor qualify for the learned professional exemption from the FLSA

mandatory overtime compensation provision. *See Fair Labor Standards Act of 1938 §§ 7(a)(1), 13(a)(1), 29 U.S.C.A. §§ 207(a)(1), 213(a)(1); 29 C.F.R. § 541.3(a)(1).*

7. At all times material hereto, Defendants, NATIONAL BEVERAGE CORP., a Delaware Corporation, BROAD RIVER AVIATION, INC., a North Carolina Corporation, engaged in interstate commerce in Broward County, Florida, and elsewhere, and/or in the production of goods, to wit: sparkling beverages and other products, in interstate commerce as defined by the FLSA and, upon information and belief, has annual gross sales and/or business volume in excess of $500,000 per annum, thus NBC and Broad River Aviation were joint employer of the Plaintiff, and are an "employer" of the Plaintiff within the meaning of 29 USC§203(d).

8. In justifiable reliance upon Defendants' representations and promises, Plaintiff VINCENT CITRULLO accepted employment and began working for Defendants as Second in Command co-pilot of Falcon 2000 EX N1NC aircraft.

    a. VINCENT was treated like an employee, not like an independent contractor.

    b. VINCENT initially interviewed, and was orally hired, by NBC to serve as a Second In Command (SIC) to help Nick fly the Falcon 2000 EX jet on "company business"[1]. VINCENT commenced flying with Nick on company missions even before he had completed the formal job application process. It was not until May 15, 2014 and May 16, 2014, that VINCENT was given an NBC Employment Application, for employment by NBC.

    c. Emails from the NBC Human Resources/Employee Benefits Manager, Alisa Monday, and other NBC employees demonstrate that, in fact, VINCENT, was

---

[1] The foreign trips frequently also included international excursions for Nick.

instructed to apply for a position at NBC, followed, on June 4-25, 2014 by a "pre-employment" background investigation release form, furthered by a June 26, 2014 appointment at U.S. Healthworks.

d. All the while of going through the NBC pre-employment process, VINCENT was already flying with Nick on N1NC, the Falcon 2000 EX, and submitting expense reports to NBC.

e. NBC had complete control over VINCENT's hours and responsibilities. His immediate supervisor was Vince Caporella. Both Vince Caporella, as well as the other NBC employees he dealt with required he remain with the aircraft at whatever location was flown to, resulting in him putting in substantial overtime hours, for which he was not compensated. In fact, VINCENT was effectively made dependent upon NBC as an employer.

f. NBC, exercised control over VINCENT's time through Vince Caporella, Stephen Baldridge, and others, for example:

   i. VINCENT was required to be flight status ready Monday through Friday, and would be told in advance if weekends were needed. The flight status ready meant making sure the plane was clean, prepped, and all documents, such as flight charts updated and in the aircraft.

   ii. Charts would have to be updated twice a month and would typically take a full day.

   iii. When VINCENT was not working on the plane, he was required to be at the hanger, sweeping the floors, vacuuming or cleaning the

  bathrooms, as well as inventory of the items, snacks, etc. for the aircraft.

 iv. VINCENT was required to wear specified clothing, a white button down shirt and black khaki pants.

 v. VINCENT was required to pick up mail from NBC at least once a week.

 vi. Vince Caporella, the son of Nick, the CEO and Chairman of the Board of NBC, was VINCENT's direct supervisor, to whom VINCENT accounted for all of his time each day. VINCENT also reported to Stephen Baldridge, an NBC employee.

 vii. Any time off had to be approved; no time off was permitted without approval.

 viii. VINCENT was advised by Vince Caporella and Stephen Baldridge that VINCENT would be fired if he stepped out of line, questioned Nick Caporella on anything, or go outside any of the outlined start up procedures.

 ix. VINCENT was paid a base salary of $8400 per month for work Monday through Friday. Although he was required to make weekend and long distance excursion trips, he was not paid any overtime, although he had been promised a bonus for such work, but none was ever paid.

 x. VINCENT was provided all tools or equipment by NBC, e.g., Head set for the plane, charts and plates to navigate, cleaners, rags, etc..

VINCENT was provided a company issued lap top, which Stephen

   Baldrige told VINCENT he could keep, since it contained VINCENT's personal matters.

  xi. VINCENT was required to make all flights with the aircraft, with Nick Caporella as Pilot and Vince Caporella on board, but VINCENT always as SIC on all trips, both within and outside the United States.

  xii. VINCENT was required to stay with, clean and otherwise remain available to fly with Nick on all trips out of town, requiring that VINCENT put in many more hours than that for which he was paid.

g. NBC initially paid VINCENT individually, in 2014, however, NBC produced IRS Form 1099s, which it apparently filed with the IRS and submitted to VINCENT, in which it intentionally incorrectly named Executive Air Academy, Inc. as the recipient of payments. NBC proceeded, in 2015 to intentionally, wrongfully make salary checks payable to Executive Air Academy, Inc., however, all reimbursement payments were made directly to VINCENT for expenses incurred by the VINCENT on the many out of town or international trips, providing further evidence of the intent of NBC to avoid paying VINCENT the amount he was legally entitled to, both as compensation, overtime, and benefits.

h. VINCENT repeatedly asked about the promise to be given the benefits due employees, and was informed by Vince Caporella and others that NBC was looking into his payments coming from NBC, and him being offered the incidental benefits given to other NBC employees.

i. All cost reimbursements were approved through employees of NBC.

9. During VINCENT's employment, Defendants did not pay VINCENT the full and proper overtime wages of 1.5 times his regular hourly rate for all hours worked over 40 each week.

10. The records, if any, concerning the date range of VINCENT's employment, the number of hours VINCENT actually worked, and the compensation actually paid to VINCENT are in the possession and/or control of Defendants; however VINCENT has attached a statement of claim as an Exhibit A to provide initial estimates of the damages. These amounts may change as VINCENT engages in the discovery process.

11. Defendants NBC and its joint and related employer entity, Broad River Aviation, have knowingly and willfully refused to pay VINCENT his legally-entitled wages.

12. VINCENT has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. VINCENT has retained the services of the undersigned attorney and is obligated to pay for his legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**NBC AND BROAD RIVER AVIATION**

14. VINCENT realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Broad River Aviation, a division of NBC, and NBC are each a joint employer of VINCENT. Broad River Aviation is used by Nick, CEO of NBC, as a vehicle for permitting certain international excursions for Nick, as well as NBC business related travel, a means of incurring certain travel related charges and expenses to NBC, and

otherwise unreported benefits to Nick, which also demonstrate an intentional attempt to avoid paying VINCENT overtime or withholding for income tax, social security or medicare, or providing the other benefits other NBC employees received, and which VINCENT was repeatedly promised, by Nick, Stephen Baldridge and others.

16. Although VINCENT was required to be with the airplane from 9 am to 5 pm, whether it was flying or not, he was required to be airplane ready and on call 24 hours, seven days a week.

17. VINCENT was paid a base salary of $8400 per month for work Monday through Friday. Although he was required to make weekend and long distance excursion trips, he was not paid any overtime, although he had been promised a bonus for such work, but none was ever paid.

18. VINCENT was paid $8400 a month for 4.3 weeks per month, 40 hours per day, or approximately $48.83 per hour. Overtime pay VINCENT is owed was calculated at the rate of $73.24 per hour.

19. VINCENT was required to work a total of 83 weekend days and nights without any compensation, contrary to law.

    a. In 2014, VINCENT was required by NBC to work 44 weekend days, at 15 hours a day, for which VINCENT was paid nothing by NBC, but for which VINCENT is entitled to be paid $48,338.40, at standard rates.

    b. In 2015, VINCENT was required by NBC to work 39 weekend days, at 15 hours a day, for which VINCENT was paid nothing by NBC, but for which VINCENT is entitled to be paid $42,845.40, at standard rates.

20. VINCENT alleges this action pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 216 (b), that VINCENT is entitled to: (i) time-and-a-half ove1time pay, of approximately $91,183.80 and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., of approximately $91,183.80, or a total of approximately $182,367.60.

21. VINCENT seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, VINCENT demands judgment against Defendants, NATIONAL BEVERAGE CORP. and BROAD RIVER AVIATION, INC., jointly and severally, in excess of $182,367.60, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## PENDENT STATE CLAIMS
## COUNT II
## Hostile Work Environment, Abuse and Sexual Battery

22. Plaintiffs VINCENT realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

23. After NICK knew that VINCENT had notified his previous employers that VINCENT could no longer take additional flights because he had to be on call twenty four hours a day, seven days a week for NBC, as a condition of NBC's employment of VINCENT, thereby effectively terminating all ties with his previous employers, NICK commenced verbally abusing PLAINTIFF.

24. On or about March 11, 2016, in addition to the verbal abuse, NICK commenced what became a repeated pattern of unprovoked and unwanted sexually oriented touching, whereby NICK, with his right hand, would grab VINCENT's left leg and NICK would commence moving his hand up VINCENT's left thigh, towards his genitals.

25. The dates of those certain flights made by Plaintiff on the N1NC are:

    a. March 29, 2014,

    b. May 18, 2014,

    c. May 27, 2014,

    d. July 21, 2014,

    e. October 10, 2014,

    f. October 13, 2014,

    g. February 6, 2015,

    h. March 23, 2015,

    i. March 28, 2015,

    j. May 16, 2015,

    k. May 24, 2015,

    l. June 11, 2015,

    m. June 25, 2015 and

    n. July 13, 2015.

26. On those certain flights identified above, Nick would make inappropriate, sexually connotative grabbing and touching gestures, including grabbing Plaintiff under his arm pit, grabbing Plaintiff under his thigh and leg, grabbing Plaintiff's knee, and, on occasion, Nick would move his hand up the Plaintiff's thigh in a sexually suggestive manner. These inappropriate, sexually connotative gestures made Plaintiff uncomfortable and he would move his leg to the right, away from Nick. The first such inappropriate touching occurred on or about March 29, 2014, and again on May 17, 2014 and May 18, 2014. After the third such harassing touching, Plaintiff informed

his immediate supervisors, Vince Caporella, and Stephen Baldrige, that Plaintiff was not comfortable, but no further action was taken by Stephen Baldridge, Vince Caporella or NBC to stop the harassing, sexually connotative grabbing and touching by Nick, the corporate CEO and Chairman of the Board.

27. After approximately eight months, Plaintiff decided to quit, and Nick said he would fix the problems and correct the lack of employment benefits or overtime bonus. Nick promised that if Plaintiff would continue, Nick would fix all of Plaintiff's complaints.

28. In fact, Nick did not fix the problems, he continued the inappropriate, sexually connotative touching, he did not pay Plaintiff any overtime or bonus, despite his promises to the contrary.

29. After approximately seven months more, Plaintiff informed Vince Caporella and Stephen Baldridge that Plaintiff was quitting and would be taking a new job with an airlines. The new employer required proof of two weeks' notice, which Plaintiff provided. The executives of NBC, including Vince Caporella, Stephen Baldridge, and Marge Madden, were all told by Plaintiff about Plaintiff's leaving. NBC owed Plaintiff salary for five (5) weeks as well as the promised bonus for the overtime expended on the trips in 2014 and 2015. Joseph Caporella, president of NBC contacted Plaintiff after Plaintiff had actually started working for another company, after the notice period, requesting that Plaintiff fly as SIC from St. Louis, Missouri to Fort Lauderdale, Florida, in September and October, 2015. Plaintiff was actually provided a Delta Airlines ticket by NBC. Plaintiff kept asking about the status of his five weeks unpaid salary and unpaid bonus, by text messages to Joseph Caporella, president of NBC. NBC ultimately told Plaintiff that they had cancelled the flight, so

as not to have to address his demands for payment of unpaid salary and overtime bonus.

30. NICK's battery of VINCENT is consistent with a pattern of behavior by NICK whereby he has touched other persons who were serving as SIC in the N1NC aircraft or other aircraft flown by NICK for and at the expense of NBC. NBC is vicariously liable because the wrongful battery in each case was by the corporate Chief Executive Officer and Chairman of the Board, thereby causing NBC to approve, ratify and be vicariously liable for its CEO's inappropriate and tortious, intentional acts.

31. Because of NICK's repeated events of battery on VINCENT, PLAINTIFFS, VINCENT has suffered damages, including economic damages, mental anguish, emotional distress, and loss of consortium.

WHEREFORE, the Plaintiff prays that the Court award the Plaintiff Vincent Citrullo judgment against National Beverage Corp. and Nicholas A. Caporella for compensatory damages, pain and suffering, mental anguish, loss of consortium, punitive damages, for each of the 14 separate occasions, of $1,000,000 and the Court award Plaintiff costs of this action.

**Demand for Trial By Jury**

32. Plaintiffs demand trial by jury of all issues so triable.

## Verification

I, Vincent Citrullo, verify, under penalty of perjury, based upon my personal knowledge, that the allegations of facts contained hereinabove are true and correct.

_____
Vincent Citrullo

        LAW OFFICE OF LEE H. SCHILLINGER, P.A.
        Attorney for Plaintiffs
        5701 Sheridan Street,
        Hollywood, Florida 33021
        Tele. No: (954) 981-8383 Broward
                  (305) 444-8383 Dade
        Telefax:  (954) 342-3898

By: _____
        LEE H. SCHILLINGER, ESQUIRE
        FLA. BAR NO. 149058
        fraudbusterlawyer@gmail.com
        lawdocs@lawflorida.com