UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60225-CIV-Dimitrouleas

VINCENT CITRULLO,

      Plaintiff,

v.

NATIONAL BEVERAGE CORP.,
A Delaware Corporation;
BROAD RIVER AVIATION, INC.,
A North Carolina Corporation; and
NICHOLAS A. CAPORELLA,

      Defendants.
_____/

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT**

Defendants, NATIONAL BEVERAGE CORP. ("NBC"), BROAD RIVER AVIATION, INC. ("BRA") (NBC and BRA collectively, "Corporate Defendants"), and NICHOLAS A. CAPORELLA ("Caporella") (collectively, Corporate Defendants and Caporella, "Named Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, respectfully move to dismiss Plaintiffs' Verified Complaint, dated January 27, 2017, and state:

**I.   INTRODUCTION**

Plaintiff claims he was engaged by NBC to work as an aircraft pilot, second in command, to Defendant, Caporella. Plaintiff's Verified Complaint purports to allege that the Corporate Defendants violated the Fair Labor Standards Act, 29 U.S.C. 201, et seq. (the "FLSA") by misclassifying Plaintiff as a 1099 employee and thus, failing to properly compensate Plaintiff for minimum wages and overtime wages.  Plaintiff's Verified Complaint also includes allegations concerning an unrelated state law claim for hostile work environment, abuse and sexual battery.

1

As set forth more fully below, Plaintiff's Verified Complaint should be dismissed in its entirety because: (i) even taking the misclassification allegations as true, Plaintiff's allegations show that his former employment would have been exempted under the FLSA, and (ii) the allegations are conclusory and devoid of any facts to support the legal conclusion that NBA and BRA are joint employers for purposes of the FLSA. With respect to the state law claims: (i) Plaintiff does not even attempt to allege that those claims arise out of the same case or controversy or set or operative facts, thus pendent jurisdiction is not appropriate, and (ii) they are substantively deficient because Plaintiff improperly attempts to impute the individual tort claim to the Corporate Defendants.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Legal Standard for a Motion to Dismiss under Rule 12(b)(6)

In evaluating a motion to dismiss under Fed.R.Civ. P. 12(b)(6), all well-pled allegations must be accepted as true. However, to withstand dismissal, a plaintiff is required to plead more than "unwarranted factual deductions or legal conclusions masquerading as facts" in order to meet Rule 8(a) pleading standards. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation'"). *See also Freeman v. Key Largo Volunteer Fire and Rescue Department Inc.,* 841 F.Supp.2d 1274, 1276 (S.D. Fla. 2012) (granting 12(b)(6) motion to dismiss FLSA action where plaintiff's conclusory allegations were insufficient to withstand dismissal) *(citing Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (l1th Cir. 2003)).

Pleadings that are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations. *Iqbal,* 556 U.S. at, 678. Labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do. *Id. (citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal citations omitted).

Measure against this standard, Plaintiff fails to state a claim.

### B. **Plaintiff Fails to State a Claim under the FLSA (Count I)**

Even taking Plaintiff's allegations as true (i.e., that he was misclassified as a 1099 employee), Plaintiff cannot state a claim because his own allegations support dismissal on the basis that his former employment is exempted from the FLSA's overtime provisions because Plaintiff was a highly compensated employee.  Plaintiff admits he was paid $8,400 per month for a total salary of $100,800 per annum (excluding bonuses or other compensation). *Complaint, ¶17.*

Under Department of Labor Regulations, an employee whose primary duty does not involve the exercise of discretion nonetheless qualifies as an administrative employee whose employment is exempt from the overtime provision of the FLSA if: (1) the employee's primary duty involves "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (2) the employee earns at least $100,000 annually. *29 C.F.R. § 541.601(a) and (c). See also Levy v. Remy Cointreau USA, Inc.*, 2014 WL 11369633, *7 (S.D. Fla. 2014); *Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp.2d 459, 477-478 (S.D.N.Y. 2008); *Coppage v. Bradshaw*, 665 F.Supp.2d 1361, 1369 (N.D. Ga. 2009). [1]

---

[1]  Here, the DOL"s guidance is equally instructive. As set forth in its FLSA2009-6 Opinion Letter (January 14, 2009), the DOL stated that "The Wage and Hour Division, however, takes a position of non-enforcement with regard to pilots and co-pilots of airplanes," who, like Plaintiff, "hold an FAA Airline Transport Certificate or Commercial Certificate, <u>and</u> who receive compensation on a salary or fee basis at a rate of at least $455 per week, <u>and</u> who are engaged in the following activities: 1. Flying of aircraft as business or company pilots…;

The duties requirement is relaxed in the case of the highly compensated employee exemption because a high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. *29 C.F.R. §541.601(c)*. Nor does *29 C.F.R. §541.601(c)* require a highly compensated employee exemption to exercise discretion. To the contrary, *§ 541.601(c)* makes clear that a highly compensated employee exemption need not satisfy each requirement stated in the administrative and executive employee exemptions. Among other things, that exemption removed any requirement that an employer prove that an administrative employee exercised discretion in the performance of his/her duties. *Id.* Thus, Plaintiff falls under the highly compensated employee exemption and his FLSA claim should be dismissed with prejudice.

Further, Plaintiff fails to state any factual allegations whatsoever to support that BRA was his "employer" much less a "joint employer" with NBC, as defined by the FLSA. Under FLSA, a joint employment relationship exists "where a single individual stands in the relation of an employee to two or more persons at the same time." *Jimenez v. S. Parking, Inc.*, 2008 WL 4279618, *12 (S.D. Fla. 2008) (*quoting Gonzalez-Sanchez v. International Paper Company*, 346 F.3d 1017, 1020 (11th Cir. 2003).

The following factors are considered under a proper joint-employment relationship analysis: (1) the nature and degree of the putative employer's control over the workers; (2) the degree of supervision, direct or indirect of the work; (3) the right, directly or indirectly, to hire, fire, or modify the worker's employment conditions; (4) the power to determine the worker's pay rates or methods of payment; (5) the preparation of payroll and payment of worker's wages; (6) ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; (8) the relative investment in equipment and facilities. *See Layton v.*

4

*DHL Express (USA), Inc.,* 686 F.3d 1172, 1175-1176 (11th Cir. 2012) *citing Aimable v. Long & Scott Farms*, 20 F.3d 434, 437 (11th Cir. 1994).

Here, other than his legal conclusions that "Broad River Aviation…is a division of NBC" and that "NBC and Broad River Aviation were joint employer of the Plaintiff" (*Complaint ¶ 5,7*), all of Plaintiff's factual allegations (which are in dispute) are specifically directed towards NBC, with respect to his alleged employment status – there is not even one factual allegation regarding any of the key elements as to BRA.  Accordingly, Plaintiff's joint employer claims should also be summarily dismissed.

C. **Plaintiff's State Tort Claim (Count II) Should Be Dismissed.**

The Plaintiff's hostile work environment, abuse and sexual battery claims ("tort claim") are not properly before this Court and should be dismissed.

It is well settled that federal courts are only authorized to exercise supplemental jurisdiction over pendent state law claims, which have no independent basis of federal subject matter jurisdiction, if the claims arose from the same factual scenario as a federal claim.  28 U.S.C. § 1367(a) (2006).  More specifically, "[t]he constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997); *Hudson v. Delta Air Lines*, 90 F.3d 451, 455 (11th Cir. 1996) (in determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").  *See also Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518 (11th Cir. 2015); *Morgan v. Christensen*, 582 Fed. Appx. 806 (11th Cir. 2014).

Here, while the Verified Complaint alleges subject matter jurisdiction with respect to Plaintiff's statutory FLSA claim, the hostile work environment, abuse and sexual battery claim ("tort" claim) is based only on pendent jurisdiction. Plaintiff's tort claim does not arise out of a common nucleus of operative facts with the statutory federal FLSA claim. Specifically, Plaintiff's FLSA claims concerns his compensation, while Plaintiff's tort claim revolves around alleged inappropriate behavior, purportedly engaged in by Caporella while piloting a corporate airplane. Such tort claim is wholly unrelated to whether the Corporate Defendants properly paid Plaintiff. The claims simply have no common link and do not arise from a common nucleus of operative fact. Accordingly, Plaintiff's pendent state tort claim should be dismissed for lack of subject matter jurisdiction.

Moreover, as a substantive matter, Plaintiff's sexual battery claim is legally deficient as he has improperly included Corporate Defendants in these claims, even under a theory of vicarious liability. "Generally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer. The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Nazareth v. Herndon Ambulance Service, Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985), *internal citations omitted. See also Hemmings v. Jenne*, 2010 WL 4005333, *5 (S.D. Fla. 2010). Plaintiff does not, and cannot, allege that the alleged assault or battery was committed to further

6

any interest or purpose of the Corporate Defendants as the employer.  *See Iglesia Cristina La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 356-357 (Fla. 3d DCA 2001).[2]

### III. CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety, award Defendants their attorneys' fees and costs and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALDMAN TRIGOBOFF HILDEBRANDT
    MARX & CALNAN, P.A.
Counsel for Defendants
Broward Financial Center • Suite 1700
500 East Broward Boulevard
Fort Lauderdale, Florida  33394
Telephone:     (954) 467-8600
Facsimile:     (954) 467-6222

By:     /s Glenn J. Waldman
        Glenn J. Waldman
        Florida Bar No. 374113
        Gwaldman@waldmanlawfirm.com
        Douglas T. Marx
        Florida Bar No. 0089834
        dmarx@waldmanlawfirm.com

---

[2] It is unclear whether Plaintiff is attempting to "sneak in" a hostile work environment claim under the guise of a battery claim. However, any such claim is premature as this claim is currently pending before the Florida Commission on Human Rights, Case No. 2016-01702.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the following was e-filed and served through the Electronic Case Filing System (CM / ECF) upon Counsel for Plaintiff, Lee H. Schillinger, Esq., fraudbusterlawyer@gmail.com, lawdocs@lawflorida.com, fraudbuster@bellsouth.net, LAW OFFICE OF LEE H. SCHILLINGER, P.A., 5701 Sheridan Street, Hollywood, Florida 33021, on February 22, 2017.

                                      WALDMAN TRIGOBOFF HILDEBRANDT
                                            MARX & CALNAN, P.A.
                                      Counsel for Defendants
                                      Broward Financial Center • Suite 1700
                                      500 East Broward Boulevard
                                      Fort Lauderdale, Florida  33394
                                      Telephone:     (954) 467-8600
                                      Facsimile:      (954) 467-6222

                                      By:      /s Glenn J. Waldman
                                              Glenn J. Waldman
                                              Florida Bar No. 374113
                                              Gwaldman@waldmanlawfirm.com
                                              Douglas T. Marx
                                              Florida Bar No. 0089834
                                              dmarx@waldmanlawfirm.com