UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60225-CIV-DIMITROULEAS

VINCENT CITRULLO,

    Plaintiff,
v.

NATIONAL BEVERAGE CORP.,
BROAD RIVER AVIATION INC., and
NICHOLAS A. CAPORELLA,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint [DE 15], filed herein on February 22, 2017 (the "Motion"). The Court has carefully considered the Motion, the Response [DE 22], the Reply [DE 29], and is otherwise fully advised in the premises.

    **I.**    **Background**

Plaintiff commenced this action on January 27, 2017 alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and state law claims for hostile work environment, abuse and sexual battery. [DE 1]. The parties to this action are Plaintiff Vincent Citrullo ("Plaintiff"), Defendant National Beverage Corp. ("NBC"), Defendant Broad River Aviation Inc. ("BRA"), and Defendant Nicholas Caporella ("Caporella") (collectively, "Defendants").[1] [¶¶ 1-5]. Plaintiff is a Florida resident who used to work for Defendants.[¶ 2]. NBC is a publicly-traded Delaware corporation with its principal place of business in Florida; Caporella

---

1 Citations styled as [¶__] are citations to the Complaint [DE 1].

1

lives in Florida and is Chairman of the Board and CEO of NBC. [¶ 3-4]. BRA is a North Carolina corporation with principal executive offices in Florida (the same address as NBC's Florida office); Caporella is President of BRA. [¶ 4]. Plaintiff alleges that BRA is a division of NBC and that BRA and NBC jointly employed him. [¶¶4-5]. BRA owns a plane, which is used for Caporella's NBC-related business travel, as well as his personal travel. [¶ 5]. Plaintiff and Caporella are both pilots; Plaintiff was hired to work as Second in Command ("SIC") to assist Caporella in flying BRA's plane on domestic and international flights. [¶¶ 6, 8].

Plaintiff was paid $8,400 per month for work Monday through Friday. [*Id.*]. Plaintiff was required to be with the plane from 9am to 5pm, whether it was flying or not, and he was also required to be "on call" 24/7. [ ¶ 16]. Plaintiff was also required to work weekends, sometimes on long international excursions. *Id.* Plaintiff alleges that he worked a total of 83 weekend days and nights without any overtime compensation, contrary to the FLSA. [¶ 19]. In Count I of the Complaint, for violation of FLSA, Plaintiff alleges that he is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty hours per week. *Id.*

Plaintiff also alleges, in Count II, that Caporella abused him verbally, and engaged in a pattern of inappropriate sexually-oriented touching. [¶¶ 24-26]. Plaintiff complained about the unwanted touching, but no action was taken. [¶¶ 26-29]. Caporella's inappropriate behavior was known to NBC because other pilots who flew with Caporella had made similar complaints. [¶ 30].

For more than a year, Plaintiff complained about lack of employment benefits and overtime pay, and he complained about Caporella's inappropriate touching. [¶¶ 27-29]. When no action was taken, Plaintiff notified his supervisors that he was quitting. *Id.*

On January 27, 2017, Plaintiff initiated this action, seeking uncompensated overtime pay,

liquidated damages, and damages for pain and suffering, mental anguish, loss of consortium, and punitive damages related to his claim for hostile work environment, abuse and sexual battery. [*Id.* ¶¶ 20-21, 31]. Defendants filed the instant Motion [DE 15] seeking dismissal of all claims.

## II.     Standard of Review

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

**III.    Discussion**

Defendants make three principal arguments in support of dismissal: (i) Plaintiff's former employment is exempt from FLSA; (ii) Plaintiff does not adequately allege that BRA and NBC were joint employers under FLSA; and (iii) the Court does not have supplemental jurisdiction over the state law claims because they do not arise out of the same case or controversy. The Court finds the first and third arguments are dispositive and require dismissal of the case.

**A.  Plaintiff is Exempt From FLSA Coverage**

First, Defendants argue that Plaintiff's job was exempt from FLSA coverage under the highly compensated employee exemption FLSA. Under the FLSA, employers must pay their employees one-and-a-half times their regular hourly wage for hours worked in excess of forty per week unless the employee is exempt from the Act's coverage. 29 U.S.C. § 207(a)(1). The FLSA exempts from this overtime requirement certain highly compensated employees. *See* 29 C.F.R. § 541.601. "Because "[a] high level of compensation is a strong indicator of an employee's exempt status," under the FLSA, it eliminates "the need for a detailed analysis of the employee's job duties." *Id.* "An employee with total annual compensation of at least $100,000 is deemed exempt ... if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." *Id.*

In sum, there are two prongs that must be satisfied for an employee to be exempt from FLSA as a highly compensated employee: (1) the employee must be paid at least $100,000; and (2) the employee must customarily and regularly perform one or more exempt duties. The Court analyzed each prong and finds that Plaintiff is exempt from the overtime provisions of the FLSA under the highly compensated employee exception.

*1. Total Annual Compensation of At Least $100,000*

The first prong of the exemption requires that the employee earn an annual compensation of at least $100,000. Plaintiff states that he was paid $8,400 per month, which amounts to a total annual salary of $100,800. [DE 1 ¶ 17]. Therefore, Plaintiff was paid at least $100,000 per year, satisfying the first prong of the exemption.

*2. Customarily and Regularly Performs One or More Exempt Duties*

The second prong of the exemption requires an employee to "customarily and regularly perform[ ] any one or more of the exempt duties of an executive, administrative, or professional employee." 29 C.F.R. § 541.601(b). Here, the Court finds Plaintiff qualifies under this prong with respect to the duties of a professional employee.

The Court is aided by Fifth Circuit precedent, *Paul v. Petroleum Equip. Tools Co.*, 708 F.2d 168, 173–74 (5th Cir. 1983), and guidance from the Department of Labor Wage and Hour Division, whose interpretations are entitled to "great weight." *Boutell v. Walling*, 327 U.S. 463, 470–71 (1946). The January 14, 2009 Opinion Letter from the Wage and Hour Division states that the agency "takes a position of non-enforcement with regard to pilots and copilots of airplanes and rotorcraft who hold an FAA Airline Transport Certificate or Commercial Certificate, and who receive compensation on a salary or fee basis at a rate of at least $455 per week, and who are engaged in . . . [f]lying of aircraft as business or company pilots." Opinion Letter Fair Labor Standards Act (FLSA), 2009 WL 648998, at *3. The Court notes that a "no action" position does not equate with an exemption, but the agency's decades-long position of non-enforcement is nonetheless instructive.[2]

---

2 "Our research suggests that in fact this has been the position of the Wage and Hour Division since 1954." *Paul*, 708 F.2d 168, at n. 4. The Court notes that this "no action" position has not changed for decades, except for raising the

The Fifth Circuit noted that "[t]he near universal acceptance of such a classification may be in part a realization that such pilots . . . do not need the protection of overtime wage rates." *Paul*, 708 F.2d at 174. After analyzing Plaintiff's "primary duty," the Court finds that he customarily and regularly performed professional work.

An employee will be deemed a professionally-exempted employee where the employee's "primary duty is the performance of work" "[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" or "[r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a)(2)(i)-(ii).

Plaintiff alleges that he "holds certain aviation licenses, none of which required academic degrees, and for which Plaintiff was not required to spend significant amount of time in the classroom in order to earn the certifications or perform his NBC job duties." [DE 1 ¶ 6]. Plaintiff states that his knowledge and skill "were acquired through experience and supervised training as opposed to intellectual academic instruction. . . ." *Id.* Plaintiff states his duties included cleaning and prepping the plane, preparing flight charts, which needed to be updated twice a month and "would typically take a full day[,]" cleaning and preparing the hanger, and serving as SIC on flights piloted by Caporella. [¶ 8].

The Court finds Plaintiff is a bona fide professional. Though he served as SIC, a co-pilot, his "primary duty," (being able to fly the plane if needed) required "knowledge of an advanced type in a field . . . of learning customarily acquired by a prolonged course of study." *See* 29 C.F.R.

---

compensation required to meet the threshold for non-enforcement. *See id.* at 174 (citing "No Action" opinions issued in 1971($225 minimum), and in 1967 ($175 minimum))

§ 541.300(a)(2)(i)-(ii). Although Plaintiff states he did not spend "significant" time in a classroom, becoming licensed to pilot an aircraft requires a "prolonged course of specialized intellectual instruction," even if that instruction takes place in an airplane as "flight time," as opposed to in a classroom. Plaintiff had to undergo a "prolonged course of specialized intellectual instruction" (flight training).

The Court also notes that, according to the publicly-available online FAA database, Plaintiff had an Airline Transport Certificate as of September 29, 2015.[3] Therefore, the Department of Labor Wage and Hour Division would take a non-enforcement position for FLSA allegations concerning Plaintiff. *See* Opinion Letter Fair Labor Standards Act (FLSA), 2009 WL 648998, at *3 (stating that the agency takes a non-enforcement position for pilots who have obtained an "FAA Airline Transport Certificate . . . and who receive compensation on a salary or fee basis at a rate of at least $455 per week, and who are engaged in . . . [f]lying of aircraft as business or company pilots.").

The Court concludes that Plaintiff is exempted from the overtime provisions of the FLSA as a highly compensated employee because he was paid more than $100,000 per year and he customarily and regularly performed duties as an exempt employee—a professional. Therefore, Plaintiff's FLSA claim is dismissed.

### B. The Court Declines Supplemental Jurisdiction Over the State Law Claims

Since the Court does not have independent federal question or diversity jurisdiction over the state law claims, the Court's exercise of jurisdiction depends on whether that claim is "part of

---

[3] The Court may *sua sponte* take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court finds that the Federal Aviation Administration's database of licenses and certification is a source whose accuracy cannot reasonably be questioned. The information is available at: https://amsrvs.registry.faa.gov/airmeninquiry/.

the same case or controversy" as required for supplemental jurisdiction. 28 U.S.C. § 1367(a).   The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").   A federal court's power to exercise jurisdiction over pendent state claims ordinarily is determined on the pleadings. *Gibbs*, 383 U.S. at 727–28.

Defendants argue that the Court does not have supplemental jurisdiction over the state law claims because they do not arise out of a common nucleus of operative facts in relation to the FLSA claims. The Court agrees.

The state law claims, regarding hostile work environment, abuse and sexual battery, do not arise out of a common nucleus of operative facts in relation to the FLSA unpaid overtime wage claims, and would not otherwise involve the same or similar evidence or facts. Based on the allegations in the Complaint, the only commonality appears to be that Plaintiff had an employer-employee relationship with Defendants. In an FLSA claim, the facts and evidence would revolve around a plaintiff's status as a non-exempt employee, the number of hours worked, hourly wage, and the amount that was paid. In contrast, in the state law claim, the facts and evidence will focus on the circumstances of a hostile work environment, inappropriate sexual

touching, and verbal abuse. Accordingly, as the FLSA claim and the state law claims do not derive from a common nucleus of operative facts, supplemental jurisdiction under § 1367(a) is lacking.[4]

### IV.     Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss [DE 15] is hereby **GRANTED**. Plaintiff's FLSA claim is **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**; Plaintiff may file these claims in state court. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of June, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

---

4  Furthermore, under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has jurisdiction. The federal claim, FLSA, is dismissed with prejudice.