UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60225-CIV-Dimitrouleas

VINCENT CITRULLO,

      Plaintiff,

v.

NATIONAL BEVERAGE CORP.,
a Delaware Corporation;
BROAD RIVER AVIATION, INC.,
a North Carolina Corporation.

      Defendants.

_____/

## JOINT MOTION FOR ENTRY OF ORDER TO SEAL

Defendants, NATIONAL BEVERAGE CORP. ("NBC"), BROAD RIVER AVIATION ("BROAD RIVER") (NBC & BROAD RIVER collectively referred to as "Defendants") and Plaintiff, VINCE CITRULLO ("Plaintiff"), pursuant to Local Rule 5.4 and on the joint grounds set forth below, respectfully file their Joint Motion for Entry of an Order to Seal certain docket entries in this action, and state as follows:

### Procedural History

This action stems from Plaintiff's alleged former employment with BROAD RIVER. Following the parties' mediation on August 9, 2018, a Notice of Pending Settlement was filed with the Court and, in accordance with same, the parties have agreed to execute a Settlement, Confidentiality and Release Agreement.  Due to the extraordinarily personal and sensitive nature and potentially harmful character of the allegations (which have been flatly denied by the Defendants) as well as the likelihood of reputational injury to all Parties if these matters remained

in the public domain, the Parties have agreed to request that the Court seal the following docket entries in this case, as follows:

> Complaint [D.E. 1], Defendant's Motion to Seal Complaint, [D.E. 8], Response in Opposition [D.E. 12], Reply to Response [D.E. 13], Order Denying Motion to Seal [D.E. 14], Defendant's Motion to Dismiss [D.E. 15], Response in Opposition to Motion to Dismiss [D.E. 22], Reply to Response to Motion to Dismiss [D.E. 29], Plaintiff's Motion for Reconsideration [D.E. 28], Response in Opposition to Plaintiff's Motion for Reconsideration [D.E. 50], Reply to Response to Motion for Reconsideration [D.E. 51], Order Granting Motion for Reconsideration [D.E. 53], Plaintiff's Amended Complaint [D.E. 55], Defendant's Answer and Affirmative Defenses [D.E. 58], Defendant's Amended Answer and Affirmative Defenses [D.E. 59], Motion to Compel Production of Documents and Motion to Re-Open Discovery [D.E. 67]; and Defendants' Response to Plaintiff's Motion to Re-Open Discovery, Compel Production of Documents and Provide Deposition Dates [D.E. 69].

## **National Beverage Corp.**

NBC, whose Chairman and Chief Executive Officer is Nick A. Caporella, is a publicly traded company with more than 19,000 investors who are in no way implicated by the allegations in this action. Notwithstanding, these innocent investors stand to be harmed by any reassertion of the allegations in this action by short sellers of securities, who prey upon false allegations that can and do affect trillions of dollars in fluctuation in market value, and others who seek to profiteer on damage caused to the reputation of NBC or BROAD RIVER particularly in the current historically volatile market. It is also the current environment where facts no longer matter and public perception often becomes the reality. And, even though NBC and BROAD RIVER have vehemently denied the allegations contained in this action, third-parties will certainly try to profit upon such allegations, to the detriment of innocent investors, by presenting themselves as the sole truth tellers and ignoring the defenses and other facts asserted by the Defendants. The parties to this action do not want to cause any harm to NBC's investors.

## Vince Citrullo

Plaintiff is an airline pilot who is currently employed as a captain by a nationally known commercial airline.  While the Plaintiff has agreed to resolve this action, there are matters in the public record that may cause injury to Plaintiff, including personal matters related to the Plaintiff's Medical History (including confidential psychological treatment) and Plaintiff's qualifications as a pilot.  The parties to this action do not want to cause any potential harm to the privacy interests of the Plaintiff.

## Legal Standard for Sealing Court Records

The Parties are mindful of the general policy favoring open and public viewing of court records as provided in Local Rule 5.4.  *See also Romero v. Drummond Company, Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).  Notwithstanding, the public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1313 (11th Cir. 2001).  Good cause "generally signifies a sound basis or legitimate need to take judicial action, (*See In re Alexander Grant & Co.*, *Litig.*, 820 F. 2d 352, 355 (11th Cir. 1987), and if good cause is shown, the Court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential.  *Chicago Tribune Co.*, 263 F. 3d at 1313.  In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, and reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  *Id.* at 1246.

Good cause is established, as here, by the moving parties when disclosure may cause a clearly defined and serious injury. *NXP B.V. v. Research in Motion, Ltd.*, 2013 WL 4402833, *2 (M.D. Fla. August 15, 2013) (joint motion by the parties to seal documents granted because allowing public access could violate a party's and non-party's legitimate and private interests).

### Request for Hearing

Pursuant to Local Rule 7.1(b)(2), the Parties respectfully request a hearing on their Joint Motion. The Parties wish to provide the Court with additional good cause to seal this action, which is not set forth herein due to the sensitive and confidential nature of same.

WHEREFORE, Plaintiff, VINCE CITRULLO and Defendants NATIONAL BEVERAGE CORP. and BROAD RIVER AVIATION, INC. respectfully request entry of an Order sealing the docket entries, set forth above, in their entirety, *instanter*.

Dated: August 29, 2018

LAW OFFICE OF
LEE H. SCHILLINGER, P.A.
Attorney for Plaintiffs
2200 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Tel. No.: (954) 981-8383 Broward
(305) 444-8383 Dade
Telefax: (954) 342-3898
Email: fraudbusterlawyer@gmail.com
lawdocs@lawflorida.com

By:      /s/ Lee H. Schillinger
Lee H. Schillinger, Esq.
Fla. Bar No. 149058

LAW OFFICE OF
NNAMDI S. JACKSON, P.A.
Attorney for Plaintiffs
2645 Executive Park Drive, Suite 340
Weston, Florida 33331
Tele No.       (954) 670-1267
Email: njackson@nsjlawoffice.com

By:  /s *Nnamdi Jackson*
Nnamdi S. Jackson, Esq.
Fla. Bar No. 99804

WALDMAN TRIGOBOFF
HILDEBRANDT & CALNAN, P.A.
Attorneys for Defendants
100 N.E. Third Avenue, Suite 780
Fort Lauderdale, Florida 33301
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: /s *Eric C. Edison*
    Glenn J. Waldman, Esq.
    Florida Bar No. 374113
    Gwaldman@waldmanlawfirm.com
    Eric C. Edison, Esq.
    Florida Bar No. 10379
    Eedison@waldmanlawfirm.com