UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60225-CIV-DIMITROULEAS/Snow

VINCENT CITRULLO,

    Plaintiff,

v.

NATIONAL BEVERAGE CORP.,
a Delaware Corporation;
BROAD RIVER AVIATION, INC.,
a North Carolina Corporation.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Joint Motion for Entry of Order to Seal (ECF No. 73) filed by Plaintiff Vincent Citrullo ("Citrullo") and Defendants National Beverage Corp., a Delaware Corporation, and Broad River Aviation, Inc., a North Carolina Corporation ("Defendants") (the "Motion"), which was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge.  (ECF No. 83) The Court held a hearing on the Motion on October 10, 2018.

Plaintiff's Amended Verified Complaint alleges unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and Plaintiff's Verified Complaint had alleged claims of a hostile work environment and battery. The Parties request an order sealing various court filings which they assert contain allegations by the Plaintiff which have been withdrawn and retracted as factually unsupportable.

The Court is mindful of the public's right to access to judicial proceedings is a crucial means of securing the integrity of the process.  See Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  However, the public's right of access to judicial records may be

overcome by a showing of good cause. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F. 3d 1304, 1313 (11th Cir. 2001). If good cause is shown, the Court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Id.

In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero v. Drummond Co., Inc. at 1246.

Good cause is established, as here, by the moving parties when disclosure may cause a clearly defined and serious injury. NXP B.V. v. Research in Motion, Ltd., No. 6:12-cv-498-Orl-22TBS, 2013 WL 4402833, *2 (M.D. Fla. August 15, 2013). In addition, it is appropriate to seal certain records when those records contain "highly sensitive and potentially embarrassing personal information about individuals," or other information which might be used to promote scandal. See Rossbach v. Rundle, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000).

The Court finds that the parties' interest in sealing certain record entries outweigh the public's right of access due to the extraordinarily personal and sensitive nature and potentially harmful character of the allegations, and because the factual and/or implied allegations in the Verified Complaint and Amended Verified Complaint have been withdrawn and recanted by the Plaintiff.[1] Further supporting the Court's conclusion is the likelihood of reputational injury

---

[1] Plaintiff's withdrawal is intended to be inclusive of all such factual and/or implied allegations made by him by way of his litigation complaints or administrative complaint including but not

adversely affecting all Parties if these matters remained in the public domain, as well as that the allegations are unlikely to have any interest to the public or enhance the public's understanding of an important event.[2]

Accordingly, it is

RECOMMENDED that the Joint Motion for Entry of Order to Seal (ECF No. 73) be GRANTED, and that the Clerk of the Court be directed to seal the following seventeen docket entries identified in the parties' Joint Motion:

1. Verified Complaint (ECF No.1)
2. Defendants' Motion for Entry of Order Sealing Complaint (ECF No. 8);
3. Plaintiff's Memorandum in Opposition to Motion Sealing Complaint (ECF No. 12);
4. Defendants' Reply to Motion Sealing Complaint (ECF No. 13);
5. Order Denying Motion to Seal Complaint (ECF No. 14);
6. Defendants' Motion to Dismiss Plaintiff's Verified Complaint (ECF No. 15);
7. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 22);
8. Defendants' Reply in Support of Motion to Dismiss Complaint (ECF No. 29);
9. Plaintiff's Motion for Reconsideration or Order Granting Motion to Dismiss (ECF No. 38);
10. Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 50);
11. Plaintiff's Reply in Support of Motion for Reconsideration (ECF No. 51);
12. Order Granting Motion for Reconsideration (ECF No. 53);

---

limited to any petition, pleadings, responses, replies, motions, affidavits, oral statements and /or any responses to discovery or appeals.

[2]The Court also notes that an order placing certain documents under seal was entered in a related proceeding in state court, Citrullo v. National Beverage Corp., No. 17-022093(21), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (ECF No. 88)

13. Plaintiff's Verified Amended Complaint (ECF No. 55);

14. Defendants' Answer and Affirmative Defenses (ECF No. 58);

15. Defendants' Amended Answer and Affirmative Defenses (ECF No. 59);

16. Plaintiff's Motion to Compel Production of Documents and Re-Open Discovery (ECF No. 67);

17. Defendants' Response to Plaintiff's Motion to Re-Open Discovery (ECF No. 69).

Further, the parties submitted a proposed order to the Court indicating that three additional documents which were not included in their Joint Motion for Entry of Order to Seal should also be sealed. These three docket entries were identified in Defendants' Second Amended Exhibit List (ECF No. 92) were not discussed specifically at the hearing before the undersigned, but based upon the Court's subsequent review of such documents, it is

RECOMMENDED that the Clerk of the Court be directed to seal the following three (3) docket entries:

> Defendants' Notice of Filing FCHR Determination of No Reasonable Cause (ECF No. 18);
>
> Plaintiff's Notice of Filing Order (in opposition to) Defendant's Motion to Dismiss (ECF No. 34);
>
> Order Granting Motion to Dismiss (ECF No. 35).[3]

The parties will have fourteen days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except

---

[3]The Order Granting Motion to Dismiss (ECF No. 35) was vacated, pursuant to the Order Granting Reconsideration. (ECF No. 53)

upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 16th day of October, 2018.

*[signature: Lurana S. Snow]*

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:  All Counsel of Record